UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELANO CARROL NELSON,<br><br>           Plaintiff,<br><br>       v.<br><br>UNITED STATES AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>           Defendants. | Case No. CV 12-05761 JC<br><br>MEMORANDUM OPINION AND ORDER DISMISSING ACTION |

On July 3, 2012, plaintiff initiated this action by filing a Complaint for Damages. On September 4, 2012, defendant United States filed an Answer. The parties have consented to proceed before the undersigned United States Magistrate Judge.

On January 7, 2013, the Court held a scheduling conference and set dates in this action, including a non-expert discovery cut-off deadline of April 15, 2013.

On March 12, 2013, defendant filed a Motion to Compel, seeking to compel plaintiff to respond to discovery requests which were propounded in October 2012 and as to which responses were due in November 2012. Contrary to Local Rule 37-1, plaintiff's counsel did not confer with defendant regarding the substance of such motion. The Motion to Compel was noticed for hearing on April 9, 2013 at 10:00 a.m. Plaintiff did not file a response or opposition to the Motion to Compel.

On March 29, 2013, this Court set a status conference for April 9, 2013 at 10:00 a.m., ordering all counsel of record to appear.

On April 9, 2013, the case was called for a hearing on the Motion to Compel and a status conference. Contrary to the March 29, 2013 Order, neither of plaintiff's attorneys appeared. In response to the Court's inquiry, defendant's counsel represented that despite the April 15, 2013 non-expert discovery cut-off, plaintiff had propounded no discovery and had essentially done nothing on the case.

Accordingly, on April 9, 2013, the Court issued an order ("OSC") directing plaintiff, by not later than April 19, 2013, to show cause why this action should not be dismissed for failure to prosecute and/or the failure to comply with a Court order. The OSC expressly cautioned plaintiff that the failure timely to respond to the OSC and/or to show good cause would result in the dismissal of this action for lack of prosecution and/or the failure to comply with Court orders. The deadline to file a response to the OSC and to show good cause as to why this action should not be dismissed has now expired. To date, plaintiff has not filed a response to the OSC and has not otherwise communicated with the Court or shown good cause as to why this action should not be dismissed.

It is well-established that district courts have authority to dismiss a plaintiff's action because of his failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992). In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to

prosecute); <u>Ferdik</u>, 963 F.2d at 1260-61 (failure to comply with court orders). After weighing each of these factors, the Court finds that dismissal of this action without prejudice based on plaintiff's failure to prosecute this action and failure to comply with Court orders is appropriate.

  Accordingly, it is ORDERED that this action is dismissed without prejudice.

DATED: April 22, 2013

                _____/s/_____

                Honorable Jacqueline Chooljian
                UNITED STATES MAGISTRATE JUDGE